Filed: June 14, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

In re Complaint as to the Conduct of:

DANIEL W. GOFF,

Accused.

(OSB 08143, 0912, 0953, 1014; SC S059467)

En Banc

On review from a decision of a trial panel of the Disciplinary Board.

Argued and submitted January 13, 2012.

Robert J. Smith, Robert J. Smith, P.C., Eugene, argued the cause and filed the briefs for the accused.

Stacy J. Hankins, Assistant Disciplinary Counsel, Oregon State Bar, argued the cause and filed the brief for the Oregon State Bar.

PER CURIAM

The accused is suspended from the practice of law for 18 months, commencing 60 days from the date of this decision.

PER CURIAM

The Oregon State Bar charged Daniel W. Goff, the accused, with numerous violations of the Rules of Professional Conduct and the Disciplinary Rules of the Code of Professional Responsibility, based on his representation of clients in four separate matters. After a five-day hearing, the trial panel found that the accused had committed 15 violations, as follows: *former* DR 9-101(A) (failure to maintain client funds in trust); *former* DR 9-101(C)(3) and RPC 1.15-1(d) (failure to maintain trust-account records and failure to provide an accounting of client funds) (three counts); *former* DR 6-101(B) (neglect of a legal matter) (two counts); *former* DR 1-102(A)(3) and RPC 8.4(a)(3) (conduct involving misrepresentation or dishonesty) (three counts); RPC 1.4(a) (failure to keep client reasonably informed) (two counts); RPC 1.15-1(e) (mishandling disputed funds); RPC 8.1(a)(1) (false statements of material fact in connection with a Bar disciplinary matter); RPC 8.1(a)(2) (failure to respond to the Bar) (two counts). The trial panel concluded that the appropriate sanction was an 18-month suspension from the practice of law. The accused sought review pursuant to ORS 9.536(1) and Bar Rules of Procedure 10.1 and 10.3.

On review, the accused urges this court to reject the trial panel's findings in full. The Bar, in response, defends the trial panel decision on all 15 rule violations, and also urges this court to find three additional violations that the trial panel did not find: RPC 1.5(a) (collecting an excessive fee) (two counts) and RPC 1.15-1(c) (withdrawal of unearned fees). Based on the two excessive fee charges, the Bar requests that we order the accused to pay restitution as well as suspend him from the practice of law for at least

1

18 months.

On *de novo* review, we conclude that the record establishes by clear and convincing evidence that the accused committed the 15 rule violations found by the trial panel. We also agree with the trial panel that the Bar has not presented clear and convincing evidence of the three additional violations charged by the Bar, two of which (collection of excessive fee) were the basis on which the Bar sought restitution. Accordingly, we therefore also decline to order the accused to pay restitution. We further conclude that an 18-month suspension is the appropriate sanction. An explanation of the extensive facts related to the four matters underlying this proceeding and of the appropriateness of the sanction would not benefit the bench, bar, or public.

The accused is suspended from the practice of law for 18 months, commencing 60 days from the date of this decision.